UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br> PLAINTIFF, | CIVIL ACTION<br>NO. 18-6673 |
| v. | JURY DEMAND |
| LAFAYETTE SCHOOLS' FEDERAL CREDIT UNION,<br>N/K/A MERITUS CREDIT UNION,<br> DEFENDANT. | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Connie Fields-Meaux ("Ms. Fields-Meaux"). As alleged with greater particularity below, Defendant, Lafayette Schools' Federal Credit Union ("LSFCU"), now known as Meritus Credit Union, discharged Ms. Fields-Meaux immediately after she opposed and reported race-based discrimination.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3).

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, LSFCU has been a credit union doing business in the State of Louisiana and has continuously had at least 15 employees.

5. At all relevant times, LSFCU has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6. More than thirty days prior to the institution of this action, Ms. Fields-Meaux filed a charge with the Commission alleging violations of Title VII by LSFCU.

7. On or about March 7, 2018, the Commission issued to LSFCU a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting LSFCU to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On April 30, 2018, the Commission issued to LSFCU a Notice of Failure of Conciliation advising LSFCU that the Commission was unable to secure from LSFCU a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

10. Since at least April 17, 2015, LSFCU has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. 2000e-3.

A. Ms. Fields-Meaux, who is African American, was a branch manager at LSFCU from 2011 to 2015.

B. When she was hired, there were no other African American employees at her branch and there were no other African American branch managers at LSFCU.

C. In 2015, LSFCU contracted with a consultant to provide a customer service training program for its employees.

D. LSFCU required that each of its employees attend one of several training sessions.

E. Ms. Fields-Meaux attended the training session on April 15, 2015, at 1:30 PM.

F. During the session, the consultant played a video clip depicting a caricature of an African American fast food worker as an example of "how not to provide customer service."

G. Ms. Fields-Meaux was so upset by the video clip that she left the room while it was playing.

H. LSFCU was aware that Ms. Fields-Meaux left the room while the clip was playing.

I. LSFCU was aware that Ms. Fields-Meaux was upset by the clip.

J. After the session, other African American employees told Ms. Fields-Meaux that they were upset by the video clip, as well.

K. On or about April 16, 2015, Ms. Fields-Meaux reported to LSFCU that an African American employee was upset by the video clip.

L. LSFCU was therefore aware on or before April 17, 2015, that at least one of its African American employees believed the clip was racially offensive.

M. On or about April 17, 2015, LSFCU sent an email to employees in which the consultant apologized to them for using the video clip.

N. Also on or about April 17, 2015, LSFCU terminated Ms. Fields-Meaux.

O. LSFCU's reason for terminating Ms. Fields-Meaux was that she opposed the use of the racially offensive video clip by abruptly leaving the room while it was playing and/or for reporting that another employee was upset by the racially offensive video clip.

P. LSFCU terminated Ms. Fields-Meaux because her actions during and/or in response to the training session violated its code of conduct.

Q. Prior to terminating her, LSFCU never provided Ms. Fields-Meaux with any warning and/or reprimand for her actions before, during, or after the training session.

R. Prior to terminating her, LSFCU never gave Ms. Fields-Meaux any negative performance evaluation.

S. Prior to terminating her, LSFCU always gave Ms. Fields-Meaux positive performance evaluations.

T. LSFCU terminated Ms. Fields-Meaux in retaliation for engaging in activity protected by Title VII.

11. The effect of the practices complained of above has been to deprive Ms. Fields-Meaux of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Fields-Meaux.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining LSFCU, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from taking adverse employment actions against employees who report or oppose race-based discrimination or who otherwise engage in activity protected by Title VII.

  B. Order LSFCU to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans that eradicate the effects of its past and present unlawful employment practices.

  C. Order LSFCU to make whole Ms. Fields-Meaux, by providing appropriate backpay with prejudgment interest and front pay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

  D. Order LSFCU to make whole Ms. Fields-Meaux by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job-search, medical, and other expenses, in amounts to be determined at trial.

  E. Order LSFCU to make whole Ms. Fields-Meaux by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including but not limited to emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  F. Order LSFCU to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

**JURY DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint which are triable by jury.

 Respectfully submitted,

           **JAMES L. LEE**
           Deputy General Counsel
           U.S. Equal Employment Opportunity Commission
           No Bar No. Assigned

           **GWENDOLYN YOUNG REAMS**
           Associate General Counsel
           U.S. Equal Employment Opportunity Commission
           No Bar No. Assigned

           **RUDY L. SUSTAITA**
           Regional Attorney
           U.S. Equal Employment Opportunity Commission
           Houston District Office
           1919 Smith Street, 7th Floor
           Houston, Texas 77002
           Phone: (713) 651-4970
           Fax: (713) 651-4995
           Texas Bar No. 19523560

           **GREGORY T. JUGE**
           Supervisory Trial Attorney
           U.S. Equal Employment Opportunity Commission
           New Orleans Field Office
           Hale Boggs Federal Building
           500 Poydras Street, Suite 809
           New Orleans, LA 70130
           Phone: (504) 676-8239
           Fax: (504) 595-2886
           Louisiana Bar No. 20890

/s/ Andrew Burke Kingsley
**ANDREW BURKE KINGSLEY (T.A.)**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

COUNSEL FOR U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**AGENT FOR SERVICE OF PROCESS:**

Connie S. Roy
515 Guilbeau Rd.
Lafayette, LA 70506-6089