UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | No. 18-6673 |
| LAFAYETTE SCHOOLS FEDERAL CREDIT UNION | SECTION I |

## CONSENT DECREE

INTRODUCTION

The plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC"), brought this action against the defendant, Lafayette Schools Federal Credit Union ("LSFCU"), now known as Meritus Credit Union, under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991. The EEOC's Complaint alleges that LSFCU engaged in retaliation when it fired Connie Fields-Meaux ("Fields-Meaux") for opposing—and assisting another employee in opposing—race-based discrimination.[1]

The EEOC's complaint arose from Fields-Meaux's Charge of Discrimination (the "Charge") alleging the same. Prior to filing its complaint, the EEOC issued a letter of Determination (the "Determination") stating that there was reasonable cause to believe that LSFCU had engaged in retaliation. The EEOC issued a Notice of Conciliation Failure after it was unable to secure a resolution acceptable to it.

---

[1] *See* R. Doc. No. 1.

JURISDICTION & VENUE

Neither this Consent Decree nor the payment to Fields-Meaux under this Decree constitutes an admission of liability by LSFCU. In the interest of avoiding the costs and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and was instituted pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, venue lies within this Court pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3). The parties agree that this Court has personal jurisdiction over them. LSFCU expressly agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law. Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, **IT IS ORDERED:**

DURATION

1. This Consent Decree will remain in effect for a period of three years from the date of its entry. The EEOC may seek relief from the Court for a breach of the Decree at any time during that period or in the six months following it.

GENERAL

2. This Decree resolves all claims and issues raised in Fields-Meaux's Charge, the EEOC's Determination regarding that Charge, and the EEOC's Complaint in this action, and the EEOC waives all those claims and issues. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other Charge of Discrimination against LSFCU.

3. The EEOC and LSFCU must bear their own attorneys' fees and costs incurred in connection with this action.

4. This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

5. This Consent Decree constitutes the complete understanding between the EEOC and LSFCU with regard to the matters discussed herein.

6. If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the EEOC and LSFCU must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

7. The EEOC and LSFCU agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if the parties have consented in writing or if it is in the interest of fairness and justice to achieve the objectives of the Decree. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend the Decree.

## DEFINITIONS

8. The following definitions apply herein:

A. "LSFCU" or "Defendant" means and refers to the Defendant, Lafayette Schools' Federal Credit Union, now known as Merits Credit Union, and its predecessors, successors and assigns, and agents.

B. "EEOC" or "Plaintiff" means the plaintiff, the United States Equal Employment Opportunity Commission, an agency of the United States.

C. "Charge" or "Charge of Discrimination" means Fields-Meaux's Charge of Discrimination, No. 461-2016-00584C.

D. "Fields-Meaux" or "Intervenor" means Connie Fields-Meaux.

E. "Days" means calendar—not business—days.

F. "Effective Date" means the date the Court enters this Decree.

G. "Court" refers to the United States District Court for the Eastern District of Louisiana.

H. "Consent Decree" and "Decree" mean this order.

I. "Liaison" means the representative appointed by LSFCU to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

## SCOPE

9. This Decree applies to all facilities owned, operated, or controlled by LSFCU.

## PROHIBITED DISCRIMINATION & RETALIATION

10. While this Consent Decree is in effect, LSFCU is hereby enjoined from any and all conduct violating the Title VII:

A. Discriminating against its employees and/or applicants because of their race.

B. Retaliating against any employee and/or applicant because that employee and/or applicant opposes discrimination.

## MONETARY RELIEF

11. LSFCU agrees to pay Fields-Meaux $110,000 (only $16,500 of which will be subject to withholdings), by check, within 30 days of the entry of this Consent Decree or within 30 days of the date on which the release between LSFCU and Fields-Meaux becomes effective and Fields-Meaux satisfies the other agreed preconditions to payment (providing the necessary tax forms and signing a motion to dismiss her Petition of Intervention), whichever is later. LSFCU must timely report the payment to the U.S. Internal Revenue Service, as necessary and appropriate.

12. LSFCU must submit a copy of the check (or checks) to the EEOC in the manner specified for notice under this Decree within 15 days of paying Fields-Meaux.

## NON-MONETARY RELIEF

13. When asked for a job reference regarding Fields-Meaux, LSFCU must not discuss, mention, or allude in any way—directly or indirectly—to Fields-Meaux's filing of the Charge, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this Decree.

14. LSFCU must exclude from Fields-Meaux's personnel file, segregate, and keep confidential, anything related to Fields-Meaux's filing of the Charge, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this Decree.

## LIAISON

15. LSFCU must designate a Liaison within 15 days of the entry of this Decree. The Liaison must be an officer of or a human resources manager at LSFCU who possesses the knowledge, capability, and resources to monitor LSFCU's compliance with the terms and conditions of this Consent Decree.

16. LSFCU must assign to the Liaison the responsibility of ensuring it complies with the Decree. The Liaison must have the authority to act on behalf of LSFCU with regard to the Consent Decree. Any act or failure to act by the Liaison will be attributable to LSFCU.

17. The Liaison must report to and be supervised by the chief executive officer of LSFCU.

18. LSFCU must appoint a replacement Liaison within 15 days of the removal, resignation, or incapacitation of that—or any subsequent—Liaison.

19. Upon appointing an initial or a replacement Liaison, LSFCU must provide notice to the EEOC within 15 days identifying the newly appointed Liaison's name, mailing address, e-mail address, telephone number, job title, work experience, education and training.

## LIAISON TRAINING

20. LSFCU must provide the initial and any subsequent liaisons with at least one hour of training, which must cover the terms and conditions of this Decree and how to ensure that LSFCU complies with those terms and conditions, and how to prepare and submit each of the reports required under this Decree.

21. LSFCU, through its Liaison, must submit to the EEOC the identity of the trainer and the outline and materials for the training at least 30 days after the Liaison is appointed. It must do so pursuant to procedures for providing notice under this Decree. The EEOC then has 15 days to reject the trainer or the outline and materials. Unless the EEOC agrees otherwise, the trainer must be an attorney with at least five years of experience with employment discrimination. If the EEOC rejects the trainer or the outlines and materials, LSFCU, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within 15 days, pursuant to procedures for providing notice under this Decree. Liaison training must take place no later than 30 days following (a) the expiration of the period by

which the EEOC must reject the trainer, outline, or materials; or (b) the EEOC's approval of the proposed trainer, outline, and materials, whichever occurs first.

## LIAISON TRAINING REPORT

22. Within 15 days of the Liaison training, LSFCU, through its Liaison, must submit a Liaison Training Report to the EEOC, describing the training and containing supporting documentation.

23. The Liaison Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of any Liaison who attended each training.

24. The Liaison Training Report must further contain an executed declaration by the Liaison that the Liaison attended the training and the date, time, and place of attendance. Any Liaison Training Report must likewise include a declaration by LSFCU, through its Liaison, attesting to its accuracy.

## GENERAL REPORT

25. During the duration of this Consent Decree, LSFCU must, through its Liaison, provide a General Report annually. The General Report must describe how LSFCU has complied with the Decree and contain supporting evidence. If LSFCU has failed to comply with the terms and conditions of the Decree, it must explain why it has not complied and provide a plan for remedying its failure to comply. But, by explaining why it has not complied, LSFCU does not prevent the EEOC from moving to enforce the Decree for its failure to comply.

26. The first General Report is due 120 days after the entry of the Decree.

27. The subsequent General Reports are due 45 days before the anniversary of the entry of the Decree.

## EMPLOYEE TRAINING

28. LSFCU, through its Liaison, must provide each of its employees, including supervisors, at least once per year while this Consent Decree is in effect, at least two hours training regarding equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under Title VII. Each training session hereunder must provide training regarding:

A. History of race-based discrimination (including minstrelsy).

B. The purpose and fundamentals of Title VII.

C. Examples of discrimination and harassment.

D. Examples of retaliation (including examples of protected activity).

E. Employees' rights under Title VII.

F. LSFCU's responsibilities under Title VII.

G. Procedure for reporting discrimination, harassment, and retaliation to LSFCU.

H. Procedure for reporting discrimination, harassment, and retaliation to the EEOC.

29. All such training must be in person or via videoconference in which all employees are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all employees.

30. The first employee training must occur within 60 days after LSFCU completes its Liaison training.

31. The second training must occur within 30 days of the anniversary of the entry of the Consent Decree.

32. The subsequent trainings must occur at least 60 days before the anniversary of the entry of the Consent Decree.

33. LSFCU, through its Liaison, must submit to the EEOC, using the procedures for providing notice under this Decree, the identity of the trainer and the outline and materials for the training at least 60 days prior to each training. The EEOC then has 30 days to reject the trainer or the outline and materials. If the EEOC rejects the trainer, outlines, or materials within the 30 days, LSFCU, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within 15 days. The EEOC's failure to reject the trainer, materials, or outline within 30 days will be considered an acceptance of the trainer, outline, and materials. Unless the EEOC agrees otherwise, the trainer must be an attorney with at least five years of experience handling employment discrimination matters.

EMPLOYEE TRAINING REPORT

34. LSFCU, through its Liaison, must submit an Employee Training Report to the EEOC, describing the training and containing supporting documentation, within 15 days of each such training. The Employee Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of the employees who attended each

training. The Employee Training Report must further contain a sign-in registry. The Employee Training Report must likewise include a declaration by LSFCU, through its Liaison, attesting to the accuracy of the Employee Training Report.

## ANTI-DISCRIMINATION POLICY

35. Within 90 days from the entry of this Decree, and to the extent it does not otherwise have such a policy, LSFCU must adopt an anti-discrimination policy that, at a minimum, meets the following criteria:

A. Prohibits discrimination, harassment, and retaliation against any employee and/or applicant in violation of Title VII.

B. Prohibits any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee and/or applicant in violation of Title VII.

C. Provides a process for reporting and/or complaining about discrimination, harassment, and retaliation prohibited by Title VII.

D. Provides that anyone who engages in retaliation prohibited by Title VII will be disciplined, up to and including discharge.

36. During the operation of this Decree, the General Report to the EEOC must describe the implementation of (and, if necessary, any subsequent alteration of) its anti-discrimination policy and must contain supporting documentation, including the policy itself.

37. Further, during the operation of this Decree, the General Report to the EEOC must describe any complaint or investigation made under the anti-

discrimination policy, any violation found as a result of such a report or investigation, and any discipline taken and must likewise provide all supporting documentation.

## RECORDS

38. During the operation of this Decree, LSFCU must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

39. During the operation of this Decree, LSFCU must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

40. LSFCU must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and/or the ADA and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

## NOTICES

41. All notices, reports, and information required under this Decree—including but not limited to the General Reports, Liaison Training Reports and Employee Training Reports—must be submitted to the EEOC in an email sent to all of the following email addresses:

>andrew.kingsley@eeoc.gov
>gregory.juge@eeoc.gov
>johnny.lundie@eeoc.gov

In addition, these may be submitted to the EEOC via certified United States mail at the following address:

>Attn: Legal Unit
>U.S. Equal Employment Opportunity Commission
>New Orleans Field Office
>Hale Boggs Federal Building
>500 Poydras St., Suite 809
>New Orleans, LA 70130

42. Only an acknowledgment from the EEOC via email or regular United States mail constitutes proof of receipt of such notices, reports, or information.

43. The EEOC may, from time to time, designate others to receive notices, reports, and information under this Decree.

## POSTINGS

44. LSFCU must post a Notice to Employees—attached hereto as Exhibit A—on its premises within 10 days of the entry of this Consent Decree. The Notice to Employees must be enlarged to at least eleven by seventeen inches, and it must be posted conspicuously in all LSFCU's facilities where other notices to employees and/or applicants are customarily posted. It must remain there for the duration of this Decree.

New Orleans, Louisiana, December 18, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

## NOTICE TO EMPLOYEES

Title VII, a federal law, prohibits an employer from retaliating against an employee who, in good faith, reports that their employer discriminated or harassed on the basis of race, who reports that their employer allowed others to discriminate or harass on such basis, who files a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), or who participates in the investigation or prosecution of such a Charge.

Lafayette Schools Federal Credit Union ("LSFCU"), now known as Meritus Credit Union, will not tolerate discrimination or harassment on the basis of race and likewise will not tolerate retaliation against any employee for reporting such discrimination or harassment. Such discrimination and harassment can violate both federal law and LSFCU's anti-discrimination policy. Any employee who violates the law and policy will be subject to substantial discipline, up to and including termination.

The posting of this Notice to Employees by LSFCU does not constitute an admission of any liability under federal law.

If you believe you or another employee have been discriminated, harassed, or retaliated against, please contact the EEOC:

*Address*: Attn: Legal Unit
U.S. Equal Employment Opportunity Commission
500 Poydras Street, Suite 809
New Orleans, LA 70130

*Telephone*: 504-595-2879

*E-mail*: andrew.kingsley@eeoc.gov

*Website*: www.eeoc.gov

You may also report your concerns using the procedures set forth in LSFCU's anti-discrimination policy.

This Notice to Employees must remain posted continuously by LSFCU for three years from the date stamped above. This Notice to Employees must not be altered, defaced, removed, or covered.